UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :    19-CR-291 (LAP)
        -v.-                        :
                                    :    ORDER
OLALEKAN DARAMOLA,                  :
                                    :
                Defendant.          :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Defendant Olalekan Daramola's ("Defendant") motion for early termination of his supervised release (the "Motion"), (see Mot., dated Apr. 28, 2025 [dkt. no. 790]; Reply, dated June 4, 2025 [dkt. no. 795]). The Government opposes the motion, (see (Opp'n, dated May 27, 2025 [dkt. no. 794]). For the reasons set forth below, Defendant's Motion is GRANTED.

I. **Background**

   a. **Procedural History**

On March 21, 2022, Defendant plead guilty to operating an unlicensed money transmitting operation in violation of 18 U.S.C. § 1960. (See dkt. no. 572.) Defendant defrauded individuals and corporate victims involving over $6 million, resulting in a loss of $217,109. (PSR ¶¶ 65-66.) Defendant was sentenced to time served plus three years of supervised release and ordered to pay restitution and forfeiture in equal amounts of $217,109. (Dkt. no. 572.) To date, the Court is informed Defendant has fulfilled

his forfeiture obligation but paid only $2,357.10 towards restitution, approximately one percent of his obligation. (Dkt. no. 794.) Defendant's supervised release is currently set to end on August 2, 2025. (Mot. at 1)

### b. The Instant Motion

On April 28, 2025, Defendant filed the instant motion for early termination of his supervised release. (Mot.) The Government opposed the motion. (Opp'n.) On June 4, 2025, Defendant replied. (Reply.) Notably, the Probation Office does not oppose a recommendation for early termination of supervised release. (Mot. Ex. 5.)

## II. Applicable Law

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release upon considering the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(1). Among these factors are the nature and character of the offense, the history and characteristics of the defendant, the need to afford deterrence for criminal conduct, and the need to provide restitution to any victims. See 18 U.S.C. § 3553(a)(1), (2)(B), (7). The Court must consider all § 3553 factors in weighing early termination, but specific findings as to each one are not required. See United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003) (citing United States v. Gelb, 944 F3d 52, 56-57 (2d Cir. 1991).

2

Generally, early termination is not warranted "as a matter of course." United States v. Wheeler, No. 20 Cr. 492 (GHW), 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023). Merely complying with the terms of supervised release is not sufficient to warrant its early termination. See United States v. Fenza, No. 03 Cr. 921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015). Instead, early termination may be offered under changed circumstances which "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Changed circumstances include a "downturn in the ability to pay . . . restitution." Id.

The purpose of supervised release is not punitive but rehabilitative. See United States v. Brooks, 889 F.3d 95, 99 (2d Cir. 2018) (per curiam). Courts have granted early termination where employment prospects are jeopardized by supervised release status. See United States v. Harris, 689 F.Supp.2d 692, 695 (granting early termination where defendant faced "multi-faceted obstacles" to job performance, despite an outstanding restitution obligation); United States v. Schuster, No. 01-CR-67, 2002 WL 31098493 at *1 (S.D.N.Y. Sept. 19, 2002) (granting early termination where supervised release resulted in "repeated

3

rejections and setbacks" in obtaining employment). In <u>Harris</u>, the court noted that "the only practical consequence of continuing supervision . . . is to cripple [defendant]'s efforts to achieve full rehabilitation through professional advancement." 689 F.Supp.2d at 692.

### III. Discussion

In his motion, Defendant states that he has complied with the terms of his supervised release and continues to make restitution payments. (See Mot. at 2.) Defendant emphasizes that he will continue to make restitution payments following the termination of his supervised release. (Reply.) Defendant explains that he has been denied an IT consulting role and a license to sell vehicles because of his supervised release status. (<u>See</u> Mot. Exs. 2-3.)

The effect of Defendant's supervised release is to frustrate his employment prospects and his ability to continue to pay restitution. Early termination of his supervised release will assist him in securing employment and fulfilling his restitution obligations. (Mot. at 3; Reply.) Additionally, Defendant's lack of employment burdens his family, for whom he is the sole breadwinner. These facts, in conjunction with Defendant's exemplary post-conviction conduct, weigh in favor of early termination of his supervision.

While Defendant's underlying crime is serious and requires punishment adequate to promote respect for the law and establish

4

deterrence, the Court finds that the over two years of supervised release has been sufficient to support the sentencing goals of 18 U.S.C. § 3553(a).

## IV. Conclusion

For the foregoing reasons, the Motion is GRANTED. Defendant's supervised release is terminated immediately. The Clerk of the Court shall close dkt. nos. 790 and 795.

**SO ORDERED.**

Dated:    June 18, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge